# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:22-cv-179-FDW-DCK

| | |
|---|---|
| ANGELA NAILS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| BOND EXCHANGE, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on initial review of the *pro se* Amended Complaint [Doc. 4]. The Plaintiff is proceeding *in forma pauperis*. [Doc. 3].

## I. BACKGROUND

The *pro se* Plaintiff, who resides in Savannah, Georgia, filed this lawsuit against Defendants "Bond Exchange, Capital, Inc., Omar Agha" for whom she provided a single address in Charlotte. [Doc. 1]. She claimed that she had received a defective surety bond in the amount of $12,750 from the Defendants on an automobile title. She sought $3,000 in damages for "neglect toward the paid title bond…." [Id. at 3]. The Complaint was dismissed without prejudice on initial review because the Plaintiff failed to state a basis for this Court's jurisdiction; she was given the opportunity to amend. [Doc. 3]. The Amended Complaint is now before the Court for initial review.

The Plaintiff names "Bond Exchange et al." as the Defendant. [Doc. 4 at 1]. The Plaintiff appears to claim that she paid the Defendant $189 for a title bond on a 2007 motor vehicle registration and insurance, but that the Defendant failed to complete the bond correctly. As a result, the Plaintiff had to pay an unspecified amount to another business five times so she could ensure

1

that the title bond was written in the correct amount, and she was unable to use the title bond for six months. [Id.]. She then cites to the Civil Rights Act of 1964 and makes vague allusions to discrimination because she is female, harassment, and a hostile work environment. [Id. at 3].

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, the court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); see also Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("Legally frivolous claims are based on an 'indisputably meritless legal theory' and include 'claims of infringement of a legal interest which clearly does not exist.'"). A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.    DISCUSSION

The Plaintiff has again failed to state any basis for the Court's jurisdiction. As explained in the Order on initial review, the Plaintiff has failed to satisfy the amount in controversy requirement for diversity jurisdiction. [Doc. 3]. She now appears to assert federal question jurisdiction, however, her bare citation to the Civil Rights Act and her conclusory allegations of harassment, discrimination and a hostile work environment are insufficient to demonstrate that federal question jurisdiction exists in this surety bond case. See Weller, 901 F.2d at 391 ("Federal

2

Case 3:22-cv-00179-FDW-DCK   Document 5   Filed 08/02/22   Page 2 of 3

jurisdiction may not be premised on the mere citation of federal statutes."); see also Fed. R. Civ. P. 8(a)(2) (short and plain statement is required); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Accordingly, this action is dismissed without prejudice.

### IV. CONCLUSION

For the foregoing reasons, this action is dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED** without prejudice for lack of subject-matter jurisdiction. The Clerk is instructed to close this case.

Signed: August 2, 2022

_____
Frank D. Whitney
United States District Judge