UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-179-FDW-DCK

| ANGELA NAILS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| BOND EXCHANGE, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court on Plaintiff's "Notice of Reconsideration" [Doc. 7] which is construed as a Motion to Alter or Amend Judgment.

The *pro se* Plaintiff, who resides in Savannah, Georgia, filed this lawsuit along with a Motion to Proceed *In Forma Pauperis*. [Docs. 1, 2]. In the Complaint, she named as Defendants "Bond Exchange, Capital, Inc., Omar Agha" for whom she provided a single address in Charlotte. [Doc. 1]. She claimed that she had received a defective surety bond in the amount of $12,750 from the Defendants on an automobile title. She sought $3,000 in damages. [Id. at 3]. The Court granted the Plaintiff's Motion to proceed IFP and dismissed the Complaint without prejudice on initial review for lack of jurisdiction. [Doc. 3]. The Court found that there did not appear to be a federal question at issue and that the Plaintiff failed to reach the $75,000 amount in controversy for diversity jurisdiction. [Id.]. The Court granted the Plaintiff the opportunity to amend. [Id.]. The Plaintiff filed an Amended Complaint in which she attempted to establish federal question jurisdiction by citing to the Civil Rights Act. [Doc. 3]. The Court found that the Plaintiff had failed to demonstrate the existence of federal question jurisdiction and dismissed the Amended Complaint without prejudice on August 2, 2022 [Doc. 5] and the Clerk entered a Judgement

1

dismissing the case the same day [Doc. 6].

The Plaintiff filed the instant Motion to Alter or Amend Judgment on August 16, 2022. [Doc. 7]. She argues *verbatim*:

> The Plaintiff is not asserting anything to the United States District Court. The Plaintiff has not failed to give the amount of controversy requirements for diversity. The Court is misleading. The Plaintiff amount of diversity is more than $75,000.00. The amount the Plaintiff has given is $75,000.01. The diversity amount in the Plaintiff complaint is in the Civil Rule of diversity the parties must live in other states. The Plaintiff resident of the state of Georgia, and the defendant is a resident and or a business owner in the state of North Carolina. The Plaintiff pleads with the Court to allow the diversity amount of damages named in the Plaintiff reconsideration to satisfy the court. The Plaintiff asks and pleads with that the Court allows the Clerks Office to use United States service by certified mail or Sheriff deputy service to serve the defendant.

[Id. at 1].

Where, as here, the request of reconsideration is filed within twenty-eight days after the final judgment, Rule 59(e) controls. See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 (4th Cir. 2010) ("[A] motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed no later than [28]1 days after entry of the adverse judgment and seeks to correct that judgment." (citations omitted)); see also Fed. R. Civ. P. 59(e) (stating that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment"). A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id.

2

The Plaintiff presently seeks to challenge the August 2, 2022 Judgment, but she has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. The Motion does not present evidence that was unavailable when the Complaint was filed, nor does the motion stem from an intervening change in the applicable law. Furthermore, the Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice. See Hill, 277 F.3d at 708. For these reasons, the Court will deny the Plaintiffs' Motion to Alter or Amend Judgment.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Notice of Reconsideration" [Doc. 7] is construed as a Motion to Alter or Amend Judgment and is **DENIED**.

Signed: September 1, 2022

_____
Frank D. Whitney
United States District Judge

3

Case 3:22-cv-00179-FDW-DCK   Document 8   Filed 09/01/22   Page 3 of 3